905 F.2d 1525
 15 U.S.P.Q.2d 1239
 SYNTEX PHARMACEUTICALS INTERNATIONAL, LTD., Plaintiff-Appellee,
v.
K-LINE PHARMACEUTICALS, LTD. and Drug Guild Distributors,
Inc., Defendants-Appellants.
T.J. ROACO, LTD., Plaintiff-Appellant,
and
Laura Blackman and Fred Klap, Counterclaim-Defendants-Appellants,
v.
SYNTEX PHARMACEUTICALS INTERNATIONAL, LTD., Defendant-Appellee.
 89-1750, 90-1037.
 United States Court of Appeals,
Federal Circuit.
 June 20, 1990.
Rehearing Denied July 25, 1990.
 
 Peter T. Cobrin, of Cobrin, Feingertz & Gittes, New York City, argued for plaintiff-appellant and counterclaim-defendants-appellants.
 Michael A. Gollin, of Sive, Paget & Riesel, New York City, argued for defendants-appellants. With him on the brief was Lawrence R. Sandak.
 James W. Gould, of Morgan & Finnegan, New York City, argued for plaintiff-appellee and defendant-appellee. With him on the brief were Stephen R. Smith, Arnold I. Rady, Joseph A. DeGirolamo, Michael N. Berg, and Karen L. Staff. Of counsel were Richard D. Catenacci, and Liza M. Walsh, of Connell, Foley & Geiser, Roseland, N.J.
 Before MARKEY, Chief Judge, SKELTON, Senior Circuit Judge, and DUPLANTIER, District Judge.*
 ORDER
 MARKEY, Chief Judge.
 
 
 1
 K-Line Pharmaceuticals, Ltd., Drug Guild Distributors, Inc., T.J. Roaco, Ltd., Laura Blackman, and Fred Klap (collectively K-Line) appeal from that part of an order of the United States District Court for the District of New Jersey, Civil Action Nos. 85-2814 and 85-2949 (September 18, 1989), 721 F.Supp. 653, in which the court granted summary judgment of infringement of Syntex Pharmaceuticals International, Ltd.'s (Syntex) United States Patent No. 3,592,930. K-Line Pharmaceuticals, Ltd. and Drug Guild Distributors, Inc. appeal from that part of the order in which the district court denied their motion for summary judgment of invalidity. We dismiss for lack of finality of the order.
 
 
 2
 It is unfortunate that the parties failed to note the nonfinality of the order, to move under Rule 59 or 60, Fed.R.Civ.P., for clarification, and to request a Rule 54(b), Fed.R.Civ.P., certification, 28 U.S.C. Sec. 1292(b). The parties might thereby have avoided a costly waste of the resources of this court.
 
 
 3
 Our jurisdiction over appeals from interlocutory orders of the present type is governed by 28 U.S.C. Sec. 1292. Thus, there must be either an order certified, 28 U.S.C. Sec. 1292(c)(1), or a judgment otherwise appealable and final except for an accounting, 28 U.S.C. Sec. 1292(c)(2). The order in this case constitutes a partial summary judgment and a denial of a motion for summary judgment, neither of which is appealable.
 
 
 4
 The grant of Syntex's motion resulted in a partial summary judgment of infringement. That judgment is not final and thus not appealable. See 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, Civil: Sec. 2715 (2d ed. 1983).
 
 
 5
 The denial of K-Line's motion for summary judgment of invalidity is also not a final judgment and therefore not appealable. See Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 669, 231 USPQ 363, 369 (Fed.Cir.1986).
 
 
 6
 The parties chose to assume that the district court sua sponte granted a summary judgment of validity. No such grant appears anywhere in the order. Disregarding this court's repeated reminders that one appeals from orders and judgments, not from opinions, the parties cite this from the district court's memorandum opinion:
 
 
 7
 The Court does not need to weigh evidence to conclude that, on this record, the evidence is so one-sided in favor of Syntex that K-Line and Drug Guild could not possibly convince a factfinder by clear and convincing evidence that the '930 patent is obvious over the prior art.... Hence there are no material issues of fact as to the validity of the '930 patent.
 
 
 8
 Accordingly, the Court will deny K-Line and Drug Guild's motion for summary judgment of patent invalidity. The patent is valid as a matter of law.
 
 
 9
 Memorandum Opinion at 660. The cited statement is not a judgment within the meaning of Rules 54 and 58, Fed.R.Civ.P. Moreover, the cited statement is not a grant of summary judgment of validity; it merely explains the basis for denying K-Line's motion for summary judgment of invalidity. That it adds a last and unnecessary sentence stating a truism (a patent is valid until adjudged invalid) does not convert the order into a sua sponte grant of summary judgment of validity.
 
 
 10
 The parties rely on the court's setting a date in the order for trial on damages as indicating finality respecting liability. That assumption is countered by the additional statement in the order that "the parties shall submit letter-briefs to the Court detailing the issues that remain in this case and recommending a method for the speedy resolution of those issues" which would be meaningless if the liability phase were completed. If the order be ambiguous, it was incumbent upon the parties to resolve the ambiguity before bringing and contesting an appeal.
 
 
 11
 Because the case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all parties, both appeals must be dismissed. ACCORDINGLY, IT IS ORDERED THAT:
 
 
 12
 The appeals are dismissed.
 
 
 
 *
 District Judge Adrian Duplantier of the Eastern District of Louisiana, sitting by designation